UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA DEL CARMEN ARREOLA ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-7579** |
| **LAMARQUE FORD, INC., FORD MOTOR COMPANY, AND ANTONIO QUIMBAR** | **SECTION "B" (4)** |

### ORDER AND REASONS

Before the Court is Plaintiffs, Maria del Carmen Arreola, decedent's wife, Carlos Tariq Quimbar, decedent's son, and Isabel Perez Gonzalez, decedent's mother, individually and on behalf of the Estate of Carlos Rene Quimbar Arreola ("Plaintiffs"), Motion to Remand (Rec. Doc. No. 7). Ford Motor Company ("Defendant") filed a Memorandum in Opposition to said motion (Rec. Doc. No. 11). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**.

### BACKGROUND

This case arises from a single-vehicle accident that occurred on March 31, 2006, in Tamaulipas, Mexico involving a 1998 Ford Explorer. On March 31, 2006 Carlos Rene Quimbar Arreola was driving a 1998 Ford Explorer, which was manufactured by Defendant Ford Motor Company. The subject Explorer was initially maintained and sold in New Orleans, Louisiana. The Explorer and its tires were subsequently maintained and installed by Defendant Lamarque

Ford, Inc., which is a Louisiana corporation with its principal place of business in Louisiana. The subject Explorer was owned by Texas resident and co-defendant, Antonio Quimbar, and was being operated by Carlos Rene Quimbar on the date of the accident. Mr. Arreola, the sole vehicle occupant on March 31, 2006, was ejected from the Explorer during the accident event and sustained fatal injuries.

In accordance with the complaint, Plaintiffs, Maria del Carmen Arreola and Carlos Tariq are residents of Texas. (Rec. Doc. No. 1). Plaintiff, Isabel Perez Gonzalez, is a citizen of Mexico. *Id.* Defendants Lamarque Ford Inc. is a Louisiana Corporation with it's principal place of business in Kenner, Louisiana. *Id.* Defendant Ford Motor Company ("Ford") is a Delaware corporation with its principal place of business in Dearborn, Michigan. *Id.* Defendant Antonio Quimbar is a resident of the state of Texas. *Id.*

Plaintiffs timely filed a motion to remand the case to state court, alleging that Notice of Removal is procedurally defective because Defendant Lamarque Ford, Inc. is a Louisiana citizen, barring removal under 28 U.S.C. § 1441(b).

## Discussion

**A. Removal and Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party

2

seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F .3d 912, 916 (5th Cir.2001).

The removal statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> 28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis,* 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id.* Similarly, in a case with multiple plaintiffs and/or multiple defendants, complete diversity is required. *Id.; Exxon v. Allapattah*, 545 U.S. 546, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. An exception to the rule of complete

diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

Here, while Plaintiff's argue that Defendant's Notice of Removal is procedurally defective because Defendant Lamarque Ford, Inc. is a Louisiana citizen, barring removal under 28 U.S.C. § 1441(b) the Court need not reach this argument because Plaintiffs, Maria del Carmen Arreola and Carlos Tariq, just like Defendant Antonio Quimbar, are residents of the state of Texas. (Rec. Doc. No. 1). Therefore, the Court lacks subject matter jurisdiction as there is no complete diversity as required under 28 U.S.C. § 1332. *Exxon v. Allapattah*, 545 U.S. 546, 125 S.Ct. 2611, 2617 (2005). The Court has not been informed that Defendant Quimbar has been dismissed from the case or that he is improperly joined and as such, the case is remanded to state court for all further proceedings.

New Orleans, Louisiana this 7th day of May, 2010

United States District Judge

4